JS-6

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| PRUDENT TRUST COMPANY LIMITED; EDI M. O. FAAl, | ) ) ) | 2:14-cv-08965-RSWL-MAN |
| Plaintiffs, | ) ) ) | **ORDER DISMISSING ACTION WITHOUT PREJUDICE** |
| v. | ) ) | |
| NIANIA DABO TOURAY; PRISTINE CONSULTING COMPANY, | ) ) ) ) | |
| Defendants. | ) ) | |

On March 31, 2015, the Court ordered [19] Plaintiffs Prudent Trust Company Limited and Edi M. O. Faal (collectively, "Plaintiffs") to show cause by April 10, 2015, as to why this Action should not be dismissed for lack of prosecution. Plaintiffs initiated this Action on November 19, 2014, and as of March 31, 2015, Plaintiffs had not filed proofs of service for remaining Defendants Niania Dabo Touray and Pristine Consulting Company (collectively, "Defendants). See Dckt. # 1; Fed. R. Civ. P. 4(m).

1

On April 10, 2015, Plaintiffs filed a response [23] to the Court's Order [19]. In Plaintiffs' response, Plaintiffs' attorney, Mr. Ronald G. Kim ("Mr. Kim"), declares that Plaintiffs served Niania Dabo Touray and Pristine Consulting Company on April 3, 2015. Kim Decl. ¶¶ 3, 4, ECF No. 23. Mr. Kim explains that Defendant Niania Dabo Touray was served by email on April 3, 2015, due to her unknown location and cites Rio Properties, Inc. v. Rio Int'l Interlink, 284 F.2d 1007, 1018 (9th Cir. 2002) for the contention that electronic service is proper "where service cannot be made by other means and the e-mail does not bounce back." Kim Decl. ¶ 3. Mr. Kim declares that Defendant Pristine Consulting Company ("Pristine") was served on April 3, 2015, by certified mail with return receipt requested, as well as by email on April 8, 2015, at an address in Virginia, and that the late service of process on Defendant Pristine was due to Plaintiffs' diligence in "attempting to effectuate service . . . by Hague Convention on Defendant [Pristine] at its office in Gambia." Id. ¶ 4.

### I. LEGAL STANDARD

Rule 4(m) states that "[i]f a defendant is not served within 120 days after the complaint is filed, the court--on motion or on its own after notice to the plaintiff--must dismiss the action without prejudice against the defendant or order that service be made within a specified time." Fed. R. Civ. P. 4(m). Rule

2

1  4(m) requires the court to extend the time for service
2  to be made "if the plaintiff shows good cause for the
3  failure" to timely serve the defendant.  Fed. R. Civ.
4  P. 4(m).  Rule 4(m) "does not apply to service in a
5  foreign country under Rule 4(f) or 4(j)(1)."
6  Additionally, courts have the "inherent power to
7  achieve the orderly and expeditious disposition of
8  cases by dismissing actions for failure to prosecute."
9  <u>Chase v. Gen. Growth Prop. Corp.</u>, No. CV
10 07-3405-JVS(E), 2008 WL 622036, at *1 (C.D. Cal. Feb.
11 28, 2008); <u>see</u> <u>Link v. Wabash R.R.</u>, 370 U.S. 626, 630-
12 32 (1962) (noting that courts have the inherent
13 authority "to clear their calendars of cases that have
14 remained dormant because of the inaction or
15 dilatoriness of the parties seeking relief").

## II. DISCUSSION

**A.   Defendant Touray**

   Here, Plaintiffs served Defendant Niania Dabo Touray on April 3, 2015, by email because Defendant Touray's residence is unknown, as she allegedly "'fled from The Gambia in July 2014.'"  Kim Decl. ¶ 4.  Plaintiffs assert that service by email was proper here under Rule 4 and Ninth Circuit precedent.  <u>See</u> <u>id.</u>  However, the case Plaintiffs cite in support of their e-service on Defendant Touray holds, contrary to Plaintiffs' contention, that "email service is not available absent a Rule 4(f)(3) court decree," which, in this case was never requested by Plaintiffs.  <u>Rio</u>

Properties, 284 F.3d at 1018; see also Fed. R. Civ. P. 4(f)(3). As such, Plaintiffs' service by email on Defendant Touray is improper.

While Rule 4(m)'s 120-day deadline does not apply to foreign service on an individual under Rule 4(f), Fed. R. Civ. P. 4(m), Plaintiffs have not shown any attempt at *proper* service on Defendant Touray under Rule 4(f). Though the Ninth Circuit in Lucas v. Natoli, 936 F.2d 432, 432-33 (9th Cir. 1991) held that the 120-day service deadline in Rule 4(m) was inapplicable to *successful* service in a foreign country under Rule 4(j), Lucas is distinguishable.

In Lucas, the Plaintiffs had successfully served the defendants under Rule 4(j) eleven months after the complaint was filed. 936 F.2d at 432. The only question on appeal was "whether the requirement of Fed. R. Civ. P. 4(j) that the complaint be served within 120 days after filing applies to service in a foreign country." Id. Lucas should not be extended beyond its holding--that *successful* service of process under Rule 4(j) is proper because the Federal Rules do not impose a specific deadline on service of process under Rule 4(j)(1) or 4(f). See Fed. R. Civ. P. 4(m); 936 F.2d at 432-33. Lucas does not speak to the court's inherent discretion to move a case along when a plaintiff fails to serve a defendant, even a foreign defendant, with reasonable diligence. See, e.g., O'Rourke Bros. Inc. v. Nesbitt Burns, Inc., 201 F.3d 948, 952 (7th Cir.

4

2000) ("It may well be that the provision for dismissal without prejudice under Rule 4(m) does not apply when service is attempted in a foreign country, but it does not follow that a court is left helpless when it wants to move a case along.").

Here, unlike in Lucas, Plaintiffs have not successfully served Defendant Touray under any subsection of Rule 4.  Plaintiffs have also failed to even *attempt* proper service on Defendant Touray, as email is not an appropriate method of service of process absent a requested court order.  Plaintiffs have no excuse for failing to abide by Rule 4's requirements; both Rule 4 and Ninth Circuit precedent, including the Ninth Circuit case cited by Plaintiffs in their Response [23] to the Order to Show Cause, clearly state that a court order must be sought prior to serving a defendant by email.

Because Plaintiffs failed to even attempt proper service on Defendant Touray under Rule 4 after the Court's Order to Show Cause, the Court finds that cause has not been shown as to why this case should not be dismissed for failure to prosecute and finds Plaintiffs' actions dilatory.  As such, the Court, by its inherent power to manage its cases, **HEREBY DISMISSES** without prejudice Defendant Niania Touray from this Action.  See Link, 370 U.S. at 630-32.

**B.   Defendant Pristine Consulting Company**

Plaintiffs untimely[1] served Defendant Pristine Consulting Company ("Pristine"), which the Court understands to be a foreign corporation with a Virginia location,[2] on April 3, 2015, by certified mail with return receipt requested, at Pristine's Virginia office address; and by email, on April 8, 2015. Kim Decl. ¶ 4.

Plaintiffs' excuse for their late service of process on Pristine is Plaintiffs' "diligence" in "attempting to effectuate service . . . by Hague Convention on Defendant [Pristine Consulting Company] at its office in Gambia." Id. ¶ 4. Such an excuse is untenable. First, Gambia is not a signatory to the 1965 Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents ("Hague Convention"). If Plaintiffs were, in fact, being diligent, that fact would have become evident via a quick internet search.

However, because Plaintiffs claim they "recently discovered that Defendant PRISTINE has an office located in the State of Virginia," Kim Decl. ¶ 4, Plaintiffs have provided a sufficient excuse to survive dismissal if Plaintiffs' service of process is proper under Rule 4(h).

Rule 4(h), which governs service on a domestic or foreign corporation states in relevant part that a

---

[1] Rule 4(m)'s 120-day deadline applies to service of process under Rule 4(h). Fed. R. Civ. P. 4(h); Fed. R. Civ. P. 4(m).

[2] See https://sccefile.scc.virginia.gov/Find/Business; http://pristineconsulting.com.

6

1  corporation served in the United States must be served
2  "in the manner prescribed by Rule 4(e)(1) for serving
3  an individual." Fed. R. Civ. P. 4(h)(1). Rule 4(e)(1)
4  states in relevant part that service must be made
5  "following state law for serving a summons in an action
6  brought in courts of general jurisdiction in the state
7  where the district court is located or where service is
8  made." Fed. R. Civ. P. 4(e)(1). As such, Plaintiffs'
9  service of process on Defendant Pristine is proper if
10 it complies with either Virginia or California law.
11     1.   California Law
12     For mailed service of process on a corporate party,
13 California law requires the mailing to be addressed to
14 an *individual* and not merely to the corporate party.
15 Cal. Code Civ. P. §§ 415.30, 415.40, 416.10. Section
16 416.10 of the California Code of Civil Procedure states
17 that service on a corporate party must be addressed
18 "[t]o the president or other head of the corporation, a
19 vice president, a secretary or assistant secretary, a
20 treasurer or assistant treasurer, a general manager, or
21 a person authorized by the corporation to receive
22 service of process." Cal. Code Civ. P. § 416.10; see
23 Cruz v. Fagor Am., Inc., 52 Cal. Rptr. 3d 862, 867-68
24 (Ct. App. 2007); see also Cal. Code Civ. P. § 417.20
25 (requiring that, when service is made by mail pursuant
26 to Section 415.40, "proof of service shall include
27 evidence satisfactory to the court establishing actual
28

delivery to the person to be served, by a signed return receipt or other evidence").

Here, Plaintiffs' Proofs of Service for Pristine [20, 24] fail to identify an individual to which the summons and complaint were mailed, but, instead, mention only the corporate entity.  Proof of Serv. ¶ 3, ECF No. 20; Proof of Serv. ¶ 3, ECF No. 24.  Plaintiffs have also failed to supply the Court with any "evidence satisfactory to the court establishing actual delivery to the person to be served."  Cal. Code Civ. P. § 417.20; see Cruz, 52 Cal. Rptr. at 868-69; see Ramos v. Homeward Residential, Inc., 168 Cal. Rptr. 3d 114, 120-21 (Ct. App. 2014) (holding that failure to identity *the person* to be served, which means an individual and not a corporate entity, and failure to provide evidence that an individual actually received the summons, resulted in insufficient service of process on a corporation under California's Code of Civil Procedure).  As Plaintiffs' Proofs of Service were filed April 10, 2015, the Court has given Pristine sufficient time to return a signed receipt, but, to date, no signed receipt has been provided by Plaintiffs.  See Cruz, 52 Cal. Rptr. at 868-70.

As such, Plaintiffs' service on Defendant Pristine is insufficient under California law. See Ramos, 168 Cal. Rptr. 3d at 120-21.

  2.  Virginia Law

1    Virginia law allows substituted service on a
2 corporation, domestic or foreign, by service on one of
3 various permissible persons, but not merely on the
4 corporate entity itself.  Va. Code § 8.01-301[3]; Va. Code
5 § 13.1-766 (allowing substituted service on a
6 corporation's authorized agent or the clerk of the
7 Commission); Va. Code § 13.1-928 (same); Va. Code §
8 8.01-329 (allowing service "on any agent of such person
9 . . . or on the Secretary of the Commonwealth of
10 Virginia"); see <u>Junk v. R.J. Reynolds Tobacco Co.</u>, 24
11 F. Supp. 716 (W.D. Va. 1938) ("Corporations can act
12 only through agents and service upon a corporation can
13 be only upon some individual who is the agent of the

---

[3] "[S]ervice of process on a foreign corporation may be effected in the following manner:
   1. By personal service on any officer, director or on the registered agent of a foreign corporation which is authorized to do business in the Commonwealth, and by personal service on any agent of a foreign corporation transacting business in the Commonwealth without such authorization, wherever any such officer, director, or agents be found within the Commonwealth;
   2. By substituted service on a foreign corporation in accordance with §§ 13.1-766 and 13.1-928, if such corporation is authorized to transact business or affairs within the Commonwealth;
   3. By substituted service on a foreign corporation in accordance with § 8.01-329 or by service in accordance with § 8.01-320, where jurisdiction is authorized under § 8.01-328.1, regardless of whether such foreign corporation is authorized to transact business within the Commonwealth; or
   4. By order of publication in accordance with §§ 8.01-316 and 8.01-317 where jurisdiction in rem or quasi in rem is authorized, regardless of whether the foreign corporation so served is authorized to transact business within the Commonwealth.
Va. Code § 8.01-301.

9

corporation."). Thus, under the same analysis set out above, Plaintiffs failed to properly serve Defendant Pristine under Virginia law, as Plaintiffs do not provide any evidence that one of the various permissible persons under Virginia law was served with Pristine's service of process.

Plaintiffs' service on Defendant Pristine is not only untimely but also improper under Rule 4. Though Plaintiffs may have an excuse for untimely service on Pristine, Plaintiffs have no excuse for improperly serving Pristine. As such, the Court finds that Plaintiff has failed to show cause as to why this Action should not be dismissed as against Defendant Pristine, and, thus, Defendant Pristine Consulting Company is **HEREBY DISMISSED** without prejudice.

### III. CONCLUSION

For the foregoing reasons, this Action is **HEREBY DISMISSED WITHOUT PREJUDICE** for failure to prosecute.

**IT IS SO ORDERED.**

DATED: May 13, 2015

*RONALD S.W. LEW*

**HONORABLE RONALD S.W. LEW**
Senior U.S. District Judge